FILED
United States Court of Appeals
Tenth Circuit

November 29, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

REBECCA A. WEEKS,

      Plaintiff-Appellant,

v.

STATE OF KANSAS, OFFICE OF
THE FIRE MARSHAL,

      Defendant-Appellee,

and

DAN MCLAUGHLIN,

      Defendant.

No. 11-3215
(D.C. No. 2:09-CV-02498-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

    As the lawyer for the Kansas State Fire Marshal, Rebecca Weeks had all

the usual responsibilities of an in-house counsel working for a state agency. Her

job included drafting proposed legislation and agency regulations, assisting with

employment disputes, and the like. That is, until she was fired.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

As Ms. Weeks tells it, she was fired because her boss didn't like the advice she gave. Ms. Weeks points to the fact that two employees approached her with allegations of unlawful discrimination. She says she took these cases to the Fire Marshal, Dan McLaughlin, and advised him to take them seriously. She claims this displeased Mr. McLaughlin. And, she says, he retaliated against her for being the bearer of bad news. More than that, she insists, his decision to fire her for the advice she rendered is legally impermissible, a form of retaliation forbidden by Title VII.

Of course Mr. McLaughlin sees things differently. In his view, Ms. Weeks just didn't do much work. Asked to produce a piece of draft legislation in 2007, she didn't finish it until September 2008. Told to update a set of regulations later in 2007, months slipped by with almost nothing to show for it. Besides that, he says, Ms. Weeks spent altogether too much time on personal matters at the office — as many as five hours a day. This, the Fire Marshal insists, is why she was fired, not the content of the legal advice she rendered.

At summary judgment, the district court found it could resolve the case without resolving the parties' competing factual accounts. Even taking Ms. Weeks's version of events at face value, it held she could not establish a prima facie case of retaliation under Title VII. A prima facie case requires the plaintiff to present facts from which a reasonable jury could conclude (among other things) that she had engaged in "protected opposition" to Title VII discrimination. *See,*

*e.g.*, *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008). The district court held that Ms. Weeks had shown only that she "perform[ed] the duties of her position" as a lawyer by "advising the agency of potential personnel issues" and doing that much didn't amount to "protected opposition to discrimination." *Weeks v. McLaughlin*, No. 09-CV-02498-CM, 2011 WL 2631831, at *8 (D. Kan. June 28, 2011).

The district court's holding is consistent with this circuit's precedent. This court has held that for an in-house lawyer to engage in protected opposition she must do more than provide legal advice to her employer on how best to resolve a claim of discrimination asserted by another employee. To engage in protected opposition the lawyer must instead "step outside . . . her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting [Title VII] rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by [Title VII]." *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486-87 & n.8 (10th Cir. 1996). For her part, Ms. Weeks stipulated in the district court that, when she rendered the advice she was allegedly fired for offering, she was merely "acting within the scope of her duties as general counsel . . . in order to assist the agency in complying with its obligations under the law." *See* Aplt. App. at 34 ¶ 18, 35 ¶ 20. That stipulation — that acknowledgment that she was at all relevant times acting within her role as counsel for the agency and simply

- 3 -

seeking to assist it in fulfilling its legal obligations — was enough to doom her case under *McKenzie*'s rule.

Seeking to avoid this result, Ms. Weeks argues to us that she did more than merely offer advice to her client-employer. She says this is most apparent in her April 10, 2009 memorandum to Mr. McLaughlin discussing an employee's pregnancy discrimination complaint. In at least this instance, she insists, she surely adopted "a position adverse to her employer." Reply Br. at 11. She says this much is driven home by the fact Mr. McLaughlin wrote an email to a colleague complaining about Ms. Weeks soon after reviewing her memorandum. *Id.*

The difficulty with this theory is that Ms. Weeks stipulated to a very different one in the district court. Before the district court Ms. Weeks represented that her April 10, 2009 memorandum was prepared and presented "within the scope of her duties as general counsel" and aimed at helping "the agency comply[] with its obligations under the law." Aplt. App. at 34 ¶ 18. Ms. Weeks took the position that she was simply representing her client, giving the agency her candid and best legal advice on a potential claim. Now Ms. Weeks essentially asks us to fault the district court for accepting her own representation. No litigant, however, can count on winning an appeal by complaining about a putative error by the district court the litigant herself invited. That much is dictated by the invited error doctrine. *See United States v. Burson*, 952 F.2d

1196, 1203 (10th Cir. 1991) ("[T]he Invited Error Doctrine . . . prevents a party who induces an erroneous ruling from being able to have it set aside on appeal.").

Without viable evidence to suggest a triable claim under *McKenzie*, one might perhaps argue that *McKenzie*'s rule itself has been superseded. A few years ago, and well after *McKenzie*, the Supreme Court suggested that all one has to do to oppose an unlawful employment practice in Title VII cases is to "antagonize . . . ; contend against; . . . confront; resist; [or] withstand" it. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009) (quoting *Webster's New International Dictionary* 1710 (2d ed. 1958)). Whether and how this general standard meshes with *McKenzie*'s preexisting and more particular rule for retaliation claims by in-house attorneys is not clear. But this, too, is a matter Ms. Weeks never raised in the district court — or, for that matter, in this court. Instead, she has consistently and expressly throughout these proceedings invoked *McKenzie* as properly controlling the question of protected opposition (never citing *Crawford*) and argued merely that in "[a]pplying this standard to the facts here," she has a triable claim. Opening Br. at 21. So once again if any possible error might lurk here (and we do not mean to pass on that question one way or the other), it could only be an invited error. *See Burson*, 952 F.2d at 1203.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge